UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Valentina Azzia and Stefano Agazzi,
Individually and as parents and Natural
Guardians of A.A. and J.A., minors,

       Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs sue Defendant and allege:

1.     This action is brought individually by Valentina Azzia and Stefano Agazzi, and as parents and natural guardians of A.A. and J.A., minors.  The initials, A.A. and J.A., are used to protect the identity of the minors.

2.     Plaintiffs are citizens and residents of Italy.

3.     Defendant, ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida.

4.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

5.     In the event this matter does not come under diversity jurisdiction of this Court, then this matter is being brought under the admiralty and maritime jurisdiction of this Court with a jury trial demanded.

1

6.      Defendant RCCL, at all times material hereto, personally or through an agent:

a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.   Was engaged in substantial activity within this state;

c.   Operated vessels in the waters of this state;

d.   Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e.   The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.   Defendant was engaged in the business of providing to the public and to the Plaintiffs, for compensation, vacation cruises aboard the M/V *Oasis of the Seas.*

7.      At all times material hereto, Defendant RCCL is subject to the jurisdiction of the Courts of this state.

8.      The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9.      At all times material hereto, Defendant RCCL owned, operated, managed, maintained and/or controlled the vessel, *Oasis of the Seas.*

10.     At all times material hereto, Defendant RCCL knew, or should have known, of a number of drownings and near-drownings of minors onboard cruise ships, which have been highly publicized within the cruise industry since 2013 and preceded a major change at Disney Cruise Lines in late 2013 (also known to Defendant RCCL), when Disney Cruise Lines began posting lifeguards onboard its ships after a minor child nearly drowned and was grievously and permanently injured.   Despite the foregoing, Defendant RCCL actively decided not to post

lifeguards onboard RCCL ships.

11.     On or about January 3, 2015, the Plaintiffs and their 2 minor sons were paying passengers on Defendant's vessel, *Oasis of the Seas*, which was in navigable waters.

12.     On or about said date, Plaintiffs boarded the subject vessel for a one week cruise.  On the first day of the cruise, as the vessel left Port Everglades in Ft. Lauderdale, the vessel had an extremely dangerous hidden condition, which was that there were no lifeguards onboard the vessel despite the fact that RCCL advertises and holds itself out as having "family friendly" and "kid friendly" cruises.  In fact, a significant portion of the vessel is designed for the entertainment of minors and children, including babies and toddlers.  The Plaintiffs went to a "kid friendly" deck of the ship which included a number of pools that were designed and intended for use by toddlers and young children, yet had no lifeguards.  This is the subject area where the incident occurred:



In addition, this area of the ship was extremely crowded.  The parents of A.A. briefly lost sight of A.A. and the next thing they know is that A.A.'s lifeless body has been pulled out of the pool by another passenger.  <u>The nearby crewmembers did not know CPR</u>, but fortunately other passengers were able to begin resuscitation efforts.  All of A.A.'s family were immediate witnesses and/or bystanders to the efforts to save A.A.  Miraculously, A.A. survived the near drowning incident, but has sustained permanent, significant injuries.  In addition, all of A.A.'s family were harmed by bearing witness to the terror of seeing their immediate family member nearly losing his life.

13.     Punitive damages are sought in this action because there is simply no reason that RCCL should not have lifeguards at the pools which RCCL holds out as being "kid friendly."  Numerous children have died or been grievously injured onboard RCCL ships and other cruise ships due to drowning or near drowning prior to this incident, yet RCCL does not even spend a single penny on utilizing lifeguards onboard its ships to prevent these tragedies.[1]  RCCL's misconduct in failing to have lifeguards is wholly intentional and calculated and thus subjects RCCL to punitive damages.

**COUNT I – A.A.'S NEGLIGENCE COUNT AGAINST ROYAL CARIBBEAN**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

14.     It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

15.     On or about January 3, 2015, Defendant and/or its agents, servants, and/or employees

---

[1] Remarkably, just days prior to the filing of this Complaint, an 8 year old boy drowned aboard another RCCL vessel, the Liberty of the Seas.

4

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

breached its duty to provide Plaintiff with reasonable care under the circumstances.

16. On or about January 3, 2015, the Plaintiff A.A. was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and/or employees as follows:

a. Failure to use lifeguards to protect passengers and in particular children in the area of a child friendly swimming pool;

b. Knowingly choosing to not use lifeguards in swimming areas on its ships advertised designed and marketed to children;

c. Failing to properly warn passengers and the plaintiffs in particular that the swimming pools do not have lifeguards;

d. Failing to prevent overcrowding of pools;

e. Failing to abide by the proper capacity of pools;

f. Failure to adequately and regularly monitor the subject area to prevent drowning or near drowning incidents;

g. Failure to close off and/or place warning signs on or around the swimming pools;

h. Failing to create adequate enclosures around the subject swimming pool to prevent children from entering the pool; and/or

i. Failure to ascertain the cause of prior similar accidents happening on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident; and/or

All of which caused and/or contributed to the Plaintiff nearly drowning while onboard the *Oasis of the Seas*.

17. At all material times, Defendant had exclusive custody and control of the vessel, *Oasis of the Seas*.

5

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

18.     Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

19.     As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff A.A. demands judgment for all damages recoverable under the law against the Defendant, including punitive damages and demands trial by jury.

### COUNT II – VALENTINA AZZIA, STEFANO AGAZZI AND J.A.'S COUNT FOR INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ROYAL CARIBBEAN

Plaintiffs reallege, adopts, and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

19.     On or about the above referenced date, RCCL and/or its agents, servants and/or employees intentionally and/or recklessly and/or negligently inflicted emotional distress on the immediate family of A.A. by, *inter alia*, failing to utilize lifeguards at swimming pools onboard its ships which are designed and marketed for young children.

20.     Despite RCCL marketing its pools onboard its ships as "kid friendly;" and despite numerous children drowning or near-drowning onboard RCCL ships and other cruise ships prior to this incident; and despite Disney Cruise Lines posting lifeguards at its pools onboard since late 2013, RCCL actively decided not to post lifeguards at its pools onboard its ships to prevent these undeniably preventable tragedies.  RCCL's misconduct in failing to have lifeguards is wholly intentional and calculated to save RCCL money while greatly increasing the risk to its passengers.

21.     RCCL's negligent and intentional misconduct caused the Plaintiffs severe mental and emotional harm by being bystanders to A.A. having nearly drowned.  At all times material, Plaintiffs were in the zone of danger and/or were placed in immediate risk of physical harm by Defendant's conduct.

22.     RCCL's knowing and intentional failure to provide lifeguards at children's swimming pools is a deliberate and reckless infliction of mental suffering on the plaintiffs.  It is outrageous and shocking beyond the bounds of all decency that a multi billion dollar corporation can hold itself out as having "kid friendly" cruises and yet fail to provide even the most basic safety measures at swimming pools that are designed for children and are an attractive nuisance to children.  Simply stated, RCCL is literally luring children into its swimming pools knowing that many will drown, and knowing that the incident(s) could easily be prevented.  Meanwhile, RCCL actively made a decision to attempt to insulate themselves from any responsibility by: (1) refusing to post lifeguards at its pools; and (2) posting inadequate signage to attempt to advise passengers of the lack of lifeguards.  Nevertheless, RCCL knew or should have known that its actions would lead to drownings and/or near-drownings of minor passengers but intentionally ignored those risks in implementing or continuing to implement its policy to not post lifeguards at its pools. This type

7

of intentional misconduct must be considered unacceptable in our civilized society.  RCCL's intentional misconduct caused the plaintiffs severe mental and emotional suffering.

23.     As a direct and proximate result of Defendant Royal Caribbean's intentional and negligent Infliction of Emotional Distress, the Plaintiffs experienced in the past mental and emotional anguish, loss of enjoyment of life, impairment and inconvenience in the normal pursuits and pleasures of life. These losses continue into the future.

**WHEREFORE**, the Plaintiffs demand judgment for all damages recoverable under the law, including punitive damages, against the Defendants and requests trial by jury.


**Dated this 30th day of December, 2015.**


Respectfully submitted,

**LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.**
*Attorneys for Plaintiffs*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: /s/ Michael Winkleman
     **MICHAEL A. WINKLEMAN**
     Florida Bar No. 36719
     **JASON R. MARGULIES**
     Florida Bar No. 57916
     **PETER J. RIDGE**
     Florida Bar No. 114263