# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-24776-JLK

VALENTINA AZZIA and STEFANO
AGAZZI, individually and as parents and
natural guardians of A.A. and J.A., minors,

      Plaintiffs,

v.

ROYAL CARIBBEAN CRUISES LTD.,

      Defendant.

_____/

## ORDER GRANTING IN-PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Royal Caribbean Cruises Ltd.'s ("Defendant") Motion for Partial Summary Judgment ("Motion") (DE 45), filed October 27, 2017. The Court is fully advised on the matter.[1] Upon review of the record and careful consideration, the Court finds that the Motion should be granted in-part and denied in-part.

## BACKGROUND

This case arises from the near drowning of Plaintiffs' child in a swimming pool aboard Defendant's cruise ship, the *Oasis of the Seas*. Plaintiffs filed their Complaint against Defendant, alleging two causes of action: (1) negligence and (2) infliction of emotional distress. (DE 1).

---

[1] Plaintiffs filed their Response in Opposition (DE 49) on December 4, 2017, and Defendant filed its Reply in Support (DE 57) on December 18, 2017.

Defendant now moves for summary judgment on the basis that Plaintiff Azzia's "testimony completely undermines and renders unreliable her lawyer-drafted affidavit on which the Court previously relied on in its decisions denying [Defendant's] motions to dismiss and motion to transfer venue." (DE 45, at 7).[2] The Defendant argues that there is no genuine issue of material fact in dispute as to whether Defendant sent Plaintiffs the ticket contract containing a forum selection clause, and as such, the Court should grant summary judgment and dismiss the case on *forum non conveniens* grounds.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Williamson Oil Co., Inc. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). A mere scintilla of evidence in support of the nonmoving party's position is insufficient to

---

[2] Defendant took Plaintiff Azzia's deposition on July 12, 2017 and Plaintiff Agazzi's on July 13, 2017.

defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Kesinger v. Herrington*, 381 F. 3d 1243, 1247 (11th Cir. 2004). However, the Court may not undertake the jury's function of weighing the evidence properly offered by the parties in reviewing the record evidence. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

## DISCUSSION

### 1. Forum Selection Clause

Upon review of the record, the Court concludes that summary judgment is not warranted. The Defendant has not established that the Plaintiffs received the ticket contract. The cited portions of Plaintiff Azzia's deposition transcript do not contradict her affidavit. Rather, it appears from the deposition transcript that Plaintiff Azzia remembers receiving certain other emails from Defendant, but does not remember receiving an email from Defendant containing the ticket contract itself.

Given the lack of conclusive evidentiary support provided by Defendant, the Court cannot determine, as a matter of law, whether there was competent acceptance of the ticket contract. To date, the issue of whether Defendant provided the ticket contract to Plaintiffs to allow them the opportunity to read and understand the terms and conditions therein remains in dispute, resulting in a genuine issue of material fact. As such, dismissal on *forum non conveniens* grounds is not warranted and denied.

## 2. Count II

Defendant moves for summary judgment on Count II of Plaintiffs' Complaint for intentional and negligent infliction of emotional distress. Defendant contends that Plaintiffs' allegations do not rise to the level of "outrageousness" required to support a cause of action for intentional infliction of emotional distress ("IIED") and Plaintiffs were not in the "zone of danger" at the time of their child's near drowning to support a cause of action for negligent infliction of emotional distress ("NIED"). The Court agrees.

IIED is defined as one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. *Eastern Airlines, Inc. v. King*, 557 So. 2d 574, 575 (Fla. 1990). "Additionally, the conduct must be 'so outrageous in character, and so extreme in degree,' that it is considered 'atrocious [] and utterly intolerable in a civilized community.'" *Thomas v. Hospital Bd. of Dir. of Lee Cnty.*, 41 So. 3d 246, 256 (Fla. 2d DCA 2010). Here, the Plaintiffs' allegations concerning Defendant's failure to utilize lifeguards at swimming pools does not, as a matter of law, rise to the level of outrageousness required to support a claim for IIED.

To support a claim for NIED, the Plaintiffs needed to be in the "zone of danger." *Nguyen v. Royal Caribbean Cruises, Ltd.*, 2017 WL 1374168 (S.D. Fla. 2017). Based on the Plaintiffs' testimony, they were not placed in immediate risk of physical harm by the Defendant's allegedly negligent conduct and therefore cannot support a claim for NIED.

## CONCLUSION

Accordingly, for the foregoing reasons, and the Court being otherwise fully advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(DE 45)** be, and the same is, hereby **DENIED** on *forum non conveniens* grounds and **GRANTED** as to Count II of the Plaintiffs' Complaint.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 22nd day of May, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All Counsel of Record